**F I L E D**

UNITED STATES COURT OF APPEALS

**October 12, 2005**

FOR THE TENTH CIRCUIT

---

ANGELA TOMLINSON, for herself
and all others similarly situated,

        Plaintiff - Appellant,

  v.

H&R BLOCK, INC.; H&R BLOCK
TAX SERVICE,

        Defendants - Appellees.

No. 04-7070
(D.C. No. 04-CV-148-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY, ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Angela Tomlinson appeals from a final order dismissing her case. Our jurisdiction arises under 28 U.S.C. § 1291. Because we agree with the district court that Tomlinson failed to establish personal jurisdiction over defendants, we affirm.

## I. Underlying facts

Tomlinson filed a class action for damages and injunctive relief in Oklahoma state court. As the basis for jurisdiction, Tomlinson alleged that some or all of defendants' wrongful acts and conduct occurred in Oklahoma and that defendant H&R Block, Inc., operates out of more than nine thousand tax offices and ninety-eight financial centers in the United States and offers franchise opportunities, seminars, and training sessions to teach people the tax preparation business. Aplt. App. at 14-15. She claimed that she used defendants' services to prepare her income tax return and enrolled in income tax courses offered by defendants. The complaint does not indicate where Tomlinson was living when she allegedly used the tax services and enrolled for the course.

In Count I of her complaint, she alleged that H&R Block made false and deceptive statements by using her social security number in educational seminars and tax preparation training courses after it had published a privacy policy stating they protect personal information. In Count II, she alleged that both defendants misappropriated her social security number for their financial advantage by using

it in tax preparation courses, apparently in a "2002 Student Work book" that was otherwise unidentified. *Id.* at 41-2

Defendants removed the case to federal court and then filed a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), asserting that "she sued the wrong entities." Aplt. App. at 32. The district court granted the motion, and Tomlinson appeals.

## II. Applicable legal standards

"Jurisdiction of the district court over a nonresident defendant in a suit based on diversity is determined by the law of the forum state." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1506 (10th Cir. 1995).

Our review of the district court's jurisdictional ruling is de novo. The following standard controls:

The plaintiff bears the burden of establishing personal jurisdiction over the defendant. Prior to trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing. The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party.

In a diversity case a plaintiff must satisfy the requirements of the forum's long arm statute as well as the federal Constitution to establish personal jurisdiction. Oklahoma's long arm statute is coextensive with the constitutional limitations imposed by the Due Process Clause. Therefore, if jurisdiction is consistent with the Due

Process Clause, Oklahoma's long arm statute authorizes jurisdiction over a nonresident defendant.

Due process requirements are satisfied when personal jurisdiction is asserted over a nonresident corporate defendant that has certain minimum contacts with the forum state. The sufficiency of a defendant's contacts must be evaluated by examining the defendant's conduct and connections with the forum state to assess whether the defendant has purposely availed itself of the privilege of conducting activities within the forum state.

*Williams v. Bowman Livestock Equip. Co.*, 927 F.2d 1128, 1130-31 (10th Cir. 1991) (quotation marks, citations, footnote, and brackets omitted).

[T]here are two types of in personam jurisdiction: general and specific. In order to establish general jurisdiction, it must be shown that the nonresident defendant has maintained continuous and systematic contact with the forum state. The facts required to establish general jurisdiction must be extensive and persuasive. If general jurisdiction is found, all causes of action against the defendant, whether or not related to the defendant's activities in that state, may be pursued in its courts. . . . .

A court's exercise of jurisdiction is referred to as specific jurisdiction where the lawsuit arises out of the nonresident defendant's contacts with the forum state. A finding of specific jurisdiction requires a two-step analysis. A court must first determine whether a nonresident defendant has minimum contacts with the forum state. If minimum contacts do exist, the court must then determine whether the court's assertion of jurisdiction would comport with traditional notions of fair play and substantial justice. The assertion of in personam jurisdiction comports with fair play and substantial justice if it is reasonable to require the defendant to defend suit in the forum.

*Lively v. IJAM, Inc.*, 114 P.3d 487, 494-95 (Okla. Civ. App. 2005) (quotation marks and citations omitted). Oklahoma follows the principle articulated by the

Supreme Court that, "a state generally has a manifest interest in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors. So long as it creates a substantial connection with the forum, even a single act can support jurisdiction." *Hough v. Leonard*, 867 P.2d 438, 442 n.11 (Okla. 1993) (citing *McGee v. Int'l Life Ins.*, 355 U.S. 220, 223 (1959)). But the mere allegation that a nonresident defendant tortiously injured a forum resident does not necessarily establish sufficient minimum contacts to confer personal jurisdiction on the forum. *See Far West Capital, Inc. v. Towne,* 46 F.3d 1071, 1079 (10th Cir. 1995). "Instead, in order to resolve the jurisdictional question, a court must undertake a particularized inquiry as to the extent to which the defendant has purposefully availed itself of the benefits of the forum's laws." *Id.* The plaintiff must provide record " proof that the nonresident party had sufficient contacts with the state to assure that traditional notions of fair play and substantial justice would not be offended if this state exercised *in personam* jurisdiction." *Conoco, Inc. v. Agrico Chem. Co.*, 115 P.3d 829, 835 (Okla. 2004).

With these principles in mind, we examine the record for sufficient evidence of personal jurisdiction over defendants.

### III. Analysis

Defendants filed several affidavits averring that (1) H&R Block, Inc., is solely a holding company, (2) neither defendant conducted business or training or

published educational or promotional materials for use in Oklahoma, and (3) neither had a physical presence, bank account, or phone listing in the state. Defendants asserted that Oklahoma courts have no general jurisdiction over them because they do not have substantial, systematic, and continuous contacts with the state. They maintained that Oklahoma courts have no specific jurisdiction over them because they had no minimum contacts with the state. Alternatively, they argued that the harm Tomlinson complained of did not arise from or relate to any contacts they may have had in Oklahoma.

In response, Tomlinson submitted four exhibits. The first exhibit was a portion of a training manual for an Oklahoma Income Tax Course that stated it was "[a]n [a]nnual [p]ublication of H&R Block, Region 37." Aplt. App. at 55. As defendants point out, this page does not mention either defendant's legal name or corporate status and says nothing about their contacts with Oklahoma. The second exhibit was a single page from an unidentified "textbook" indicating that it was copyrighted by "H&R Block Tax Services, Inc.", *see id.* at 63, but Tomlinson placed nothing into the record establishing from what document the page was annexed. Her counsel argued that the page came from the training manual identified in Exhibit A, *see id.* at 51, but counsel's arguments are not evidence. *See Wenz*, 55 F.3d at 1505) ("our task is to determine whether the plaintiff's allegations, as supported by affidavits, make a prima facie showing of

-6-

personal jurisdiction"). The third and fourth exhibits were general informational excerpts from the H&R Block website. Thus, as the district court pointed out, *see* Aplt. App. at 81, nothing submitted by Tomlinson connects the copyrighted page with the "Student Work book," *id.* at 42, that her complaint alleged contains her social security number. We agree with the district court that Tomlinson failed to establish with this evidence that either named defendant had the requisite minimum contacts with the state of Oklahoma to maintain personal jurisdiction over them.

Tomlinson also argued that Oklahoma may assert general jurisdiction over defendants because the H&R Block website indicates that H&R Block, Inc., serves over 18.7 million tax clients in the United States. She argues that the court should infer from the exhibit that some of those clients are in Oklahoma. She also contends that factual disputes should be resolved in her favor and, therefore, she has established that H&R Block, Inc., has sufficient business contacts for the court to take jurisdiction over it.

But one of the website exhibits Tomlinson relies on clearly states that "H&R Block, Inc. is a holding company which has no employees" and that "[a]ny goods or services that may be offered for sale through this Web site or a link hereto are offered by operating subsidiaries of H&R Block, Inc., . . . and not by H&R Block, Inc." Aplt. App. at 68. Thus, it would be error to make the inference

Tomlinson desires.  Tomlinson failed to present "extensive and persuasive" evidence that either defendant has the sufficiently "continuous and systematic" contacts necessary to establish general jurisdiction under Oklahoma law.    *Lively*, 114 P.3d at 494.  Under these circumstances, the district court properly granted the motion to dismiss.

The judgment of the district court is AFFIRMED.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge